IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AALEN NORTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00001-O-BP |
| § | |
| WELLS FARGO BANK, N.A. § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion for Judgment on the Pleadings and Brief in Support (ECF No. 15) and Appendix in Support (ECF No. 16) filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") on February 21, 2019; "Objection to Wells Fargo's Motion for Summary Judgment" (ECF No. 22) filed by Plaintiff Aalen Norton ("Norton") on April 1, 2019; and Wells Fargo's Response to Norton's Objection to its Motion for Judgment on the Pleadings (ECF No. 23) filed on April 3, 2019, which the undersigned construes as a reply.

After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Wells Fargo's Motion for Judgment on the Pleadings (ECF No. 15); **DISMISS WITH PREJUDICE** Norton's claim to quiet title and for violations of the Federal Trade Commission Act of 1914 ("the FTCA"), and the Real Estate Settlement Procedures Act of 1974 ("RESPA"); and **DISMISS WITHOUT PREJUDICE** Norton's remaining claims and give him an opportunity to file a second amended complaint within the fourteen days allotted for objections to this recommendation. If, however, Norton files a second amended complaint within the prescribed time period, the Motion should be **DENIED as MOOT** as to the claims not dismissed with prejudice, and the action should be allowed to proceed on the amended complaint.

## I. FACTUAL BACKGROUND

Norton filed this foreclosure-related case on December 27, 2018 in the 352nd Judicial District Court of Tarrant County, Texas regarding property located at 8107 Guadalupe Road, Arlington, Texas 76002 ("the Property"). (ECF No. 1-3). Wells Fargo removed the case to this Court on January 2, 2019. (ECF No. 1). The undersigned required the parties to replead. (ECF No. 9). Norton filed his First Amended Original Petition ("FAC") on February 11, 2019. (ECF No. 14). He asserts the following claims against Wells Fargo: (1) suit to quiet title; (2) violations of the FTCA; (3) violations of the Fair Debt Collection Practices Act ("FDCPA"); (4) violations of the Fair Credit Reporting Act of 1970 ("the FCRA"); and (5) violations of the RESPA. (*See generally id.*). Although not listed in a separate count, he also asserts that Wells Fargo does not have authority to foreclose because it has not produced the original note and deed of trust. (*Id.* at 13). Norton seeks statutory civil penalties; attorneys' fees; declaratory, injunctive, and equitable relief; economic, exemplary, and punitive damages; and costs of court. (*Id.* at 22-25).

Thereafter, Wells Fargo filed its Motion for Judgment on the Pleadings. Wells Fargo argues that Norton's claims fail as a matter of law and that because he has no viable underlying claims, his requests for declaratory and injunctive relief also fail. (*See generally* ECF No. 15). Norton replies and argues that Wells Fargo violated the Texas Finance Code and Texas Debt Collection Act ("the TDCA"). (ECF No. 22 at 4). Norton reasserts his request for declaratory relief. (*Id.*). Having fully brief the Motion for Judgment on the Pleadings, it is now ripe for a decision.

## II. LEGAL STANDARD

The standard for dismissal under Rule 12(c) is the same standard for dismissal for failure to state a claim under Rule 12(b)(6). *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007). The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must

include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint must contain facts that support the claim for relief. The court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). A complaint, therefore, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may

3

rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

### III. ANALYSIS

**A.     Norton's Quiet Title Claim Fails as a Matter of Law**.

Wells Fargo argues that Norton's claim to quiet title fails because it had authority, as a mortgagee to whom the security instrument was assigned, to initiate foreclosure proceedings on the Property. (ECF No. 15 at 11-12). Norton responds that Wells Fargo must produce the note to prove it has authority to foreclose. (ECF No. 22 at 4). Norton further asserts that Wells Fargo violated various sections of the TDCA. (*Id.*). The undersigned notes that Norton's TDCA claim

4

was not part of his FAC. (*See generally* ECF No. 14). As a result, he has not properly pleaded a claim under the TDCA. *St. Claire v. EnsureLink*, No. CIV.A. 3:01CV1548-G, 2002 WL 663570, at *1 n.2 (N.D. Tex. Apr. 19, 2002) (concluding plaintiff may not use a response to a motion to dismiss to amend his complaint). The undersigned now addresses Norton's claim to quiet title.

To prevail on a claim for quiet title, the plaintiff must prove: (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.) (citations omitted)). A plaintiff "must allege right, title, or ownership in [it] with sufficient certainty to enable the court to see [that] [it] has a right of ownership that will warrant judicial interference." *Hurd*, 880 F. Supp. 2d at 767–68 (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied) (quotation omitted)). "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook–Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.) (omission in the original)). "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Here, Norton contends that he has an interest in the Property because he "is the successor to Alberto Mojica who allegedly signed a Promissory Note with OPTION ONE MORTGAGE CORPORATION, . . . as the alleged lender in order to purchase the [P]roperty . . ., on December 27, 2018." (ECF No. 22 at 2). Although Norton alleges that he has title to the Property (ECF No. 14 at 3-4) that is affected by Wells Fargo's claim, and argues it has no authority to foreclose (ECF

No. 22 at 4), he does not allege that Wells Fargo has an invalid or unenforceable claim on the Property. Wells Fargo's claim to the deed of trust is facially valid and enforceable. Wells Fargo attached to its Motion to Dismiss the Assignment of Note and Deed of Trust, which became effective on December 9, 2010, and was recorded in the Real Property Records of Tarrant County, Texas as Instrument No. D210054535. (ECF No. 15-4). Because the assignment is a matter of public record and is central to the case, the undersigned may consider it. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). The assignment identifies the original deed of trust by date, identifies the Grantor and Trustee, and instrument number. (ECF No. 15-4). Thus, the assignment to Wells Fargo, executed by the original beneficiary of the Deed of Trust, is valid and enforceable. Accordingly, any argument by Norton that the assignment was unauthorized is not based in law and is unavailing.

Further, Norton does not contest the validity of the deed of trust or allege any facts establishing that his own interest is superior to that of Wells Fargo. Instead, he alleges that Wells Fargo may not be the assignee of the deed of trust and, therefore, cannot enforce it. (ECF No. 14 at 4). As described above, Wells Fargo is the last assignee of the deed of trust. Thus, Norton does not stand on the strength of his own title, but instead attacks the alleged weakness of Wells Fargo's ownership of the deed of trust. Even when taking Norton's allegations as true, he did not plead an action to quiet title. *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 633 (5th Cir. 2013) (per curiam).

Moreover, Norton's contention that Wells Fargo should produce the original note to prove it has authority to foreclose, the "show-me-the-note" theory, has been widely rejected by Texas courts. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254-55 (5th Cir. 2013). This is because "[w]here a debt is 'secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations.'" *Id.* (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374

6

(Tex. App.—Corpus Christi 2002, pet. denied)). In contrast to enforcing a personal judgment against a borrower, "[f]oreclosure is an independent action against the collateral" that "enforces the deed of trust, not the underlying note." *McLemore v. CitiMortgage, Inc.*, No. 3:12-CV-713-M BH, 2013 WL 775350, at *4 (N.D. Tex. Feb. 8, 2013) (citing *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011), *adopted by*, No. 3:12-CV-713-M BH, 2013 WL 781601 (N.D. Tex. Feb. 28, 2013). Given this authority, Norton's "show-me-the-note" theory cannot support a claim to quiet title.

Because Norton does not challenge the deed of trust's validity or otherwise assert title superior to that of Wells Fargo, he fails to state a claim to quiet title.

**B.    Norton's FTCA Claims Fail as a Matter of Law**.

Wells Fargo argues that Norton's FTCA claim must fail because there is no private cause of action under the FTCA. (ECF No. 15 at 13). Norton does not respond to this argument. (*See generally* ECF No. 22). In his FAC, however, Norton asserts four counts under the FTCA. (ECF No. 14 at 14-18). Specifically, he alleges that Wells Fargo failed to properly post consumers' payments; employed unfair and deceptive practices in forcing insurance placement, escrow, and property tax payments; and mispresented the amount of payments owed in violation of 15 U.S.C. § 45(a). (*Id.*).

Norton's FTCA claims fail as a matter of law because 15 U.S.C. § 45(a) does not permit private rights of action. Section 45(a) of the FTCA addresses unfair methods of competition in or affecting commerce among "persons, partnerships, or corporations," except for "banks, savings and loan institutions . . . federal credit unions," and common carriers subject to the Act. 15 U.S.C. § 45(a)(1)-(2). Under section 45(a), the "Commission" is the only entity that can "regulate commerce, air carriers and foreign air carriers . . . persons, partnerships, or corporations . . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or

practices in or affecting commerce." *Id.* at § 45(a)(2). Accordingly, Norton is not authorized to pursue a claim against Wells Fargo under the Act. *Norris v. Fairbanks Capital Corp.*, 178 F. App'x 401, 403 (5th Cir. 2006) (citing 15 U.S.C. § 45(a)(1)). For this reason, his FTCA claims fail as a matter of law and should be dismissed.

**C.      Norton FDCPA Claims Fail as a Matter of Law**.

Norton's next three counts allege that Wells Fargo violated the FDCPA. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means" or "unfair or unconscionable means" to collect a debt. 15 U.S.C. §§ 1692e, 1692f. Norton first alleges that on numerous occasions Defendants violated § 1692e when, "in connection with the collection of debts that were in default when obtained by defendant, defendant have [sic] used false, deceptive, or misleading representations or means." (ECF No. 14 at 18). Norton also claims that on numerous occasions "defendant have [sic] used unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to collecting amounts . . . not authorized by the agreement creating the debt or permitted by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C. § 1692(f)(1)." (*Id.* at 19). Finally, Norton alleges that in numerous instances Wells Fargo violated the FDCPA when it failed to "notify consumers of their right to dispute and obtain verification of their debts and to obtain the name of the original creditor, either in the initial communication with consumers by defendant, or within five days thereafter, in violation of Section 809(a) of the FDCPA, 15 U.S.C. 0167g(a)." (*Id.* at 19-20). In response to Norton's allegations, Wells Fargo argues that Norton's claims should be dismissed because there are no allegations it committed any act against him, and he has failed to specify any event in which he was subjected to treatment by Wells Fargo that would qualify as a violation of the FDCPA. (ECF No. 15 at 14).

Norton has failed to state a violation of the FDCPA. First, although not argued by Wells Fargo, the undersigned notes that Norton has only made a single allegation that Well Fargo is a

8

debt collector, citing to 15 U.S.C. § 1692a(6). He has not provided any factual support for this claim. (ECF No. 14 at 2-3). The FDCPA applies only to abusive tactics employed by "debt collectors." 15 U.S.C. § 1692a. "[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Although the note and deed of trust were assigned to Wells Fargo on December 9, 2010, Norton has not alleged that the note was in default prior to the time it was assigned. Accordingly, Norton has failed to state a FDCPA claim.

Further, Norton only makes broad allegations concerning Wells Fargo's "business practices" and treatment of consumers at large, and otherwise provides mere legal conclusions that are insufficient to support his claims. *Perry v. Fed. Nat. Mortg. Ass'n*, No. 3:14-CV-0077-B, 2014 WL 3972295, at *4 (N.D. Tex. Aug. 13, 2014) (dismissing plaintiff's FDCPA claims that are nearly identical to this case). Norton's conclusory assertions that Wells Fargo violated the FDCPA are insufficient to state a plausible claim. Because Norton has failed to state an FDCPA claim, they should be dismissed.

**D.     Norton's FCRA Claims Fail as a Matter of Law**.

Wells Fargo argues that Norton's FCRA claims fail as a matter of law because he does not allege specific facts regarding incidents concerning Wells Fargo and him. (ECF No. 15 at 15-16). Wells Fargo argues that Norton asserts FCRA claims on behalf of "consumers" generally as opposed to FCRA violations that Wells Fargo allegedly committed against him. (*Id.*). Norton does not address this argument in his response, but he asserts in his FAC that Wells Fargo: (1) furnished information to consumer reporting agencies knowing the information was inaccurate; (2) did not provide consumers with an address for mailing dispute notices; (3) failed to promptly notify consumer reporting agencies that the information provided was inaccurate or incomplete; and (4)

failed to promptly notify consumer reporting agencies that consumers disputed the provided information. (ECF No. 14 at 20-22).

As with his FDCPA claims, Norton does not allege when and if he suffered any particularized injury due to Wells Fargo's alleged wrongdoing that could plausibly form the basis of an FCRA violation. *Perry*, 2014 WL 3972295, at *5. Instead, he "recites legal conclusions and claims that defendant[] [is] liable, while providing no facts specific to [himself]." *Barrett v. HSBC Bank USA, Nat., Ass'n*, No. 4:12–CV–476–A, 2012 WL 5471491, at *3 (N.D. Tex. Nov. 9, 2012). Consequently, Norton's FCRA claims should be dismissed.

**E.     Norton's RESPA Claims Fail as a Matter of Law**.

Wells Fargo argues that it is not liable for the alleged RESPA violations of its servicer; Norton is not a "borrower" within the meaning of RESPA; and that even if Norton has standing to assert his RESPA claims, he does not allege sufficient facts to support those claims. (ECF No. 15 at 16-18). Norton does not address this argument in his response, but he asserts in his FAC that Wells Fargo: (1) violated the requirements of 12 U.S.C. § 2605 because of how it serviced the mortgage loan; (2) failed to timely post payments; (3) failed to make timely payments to escrow funds for casualty insurance premiums and property taxes; and (4) failed to timely and adequately acknowledge, investigate, and respond to consumers' qualified written requests for information about their mortgage loan servicing and escrow accounts. (ECF No. 14 at 22).

"By its plain terms, the regulation at issue here imposes duties only on servicers." *Christiana Trust v. Riddle*, 911 F.3d 799, 804 (5th Cir. 2018) (citing 12 C.F.R. § 1024.41(c)(1)); *see also* 12 U.S.C. § 2605(i)(2), (i)(3) ("defining a servicer as the 'person responsible' for 'receiving any scheduled periodic payments from a borrower . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan'").

"A loan servicer's obligation to follow this regulation derives from RESPA itself, which also confines this obligation to servicers alone." *Christiana Trust*, 911 F.3d at 804. "Specifically, the statute provides that 'a *servicer* of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.'" *Id.* (citing 12 U.S.C. § 2605(k)(1)(E)) (emphasis added). "Because only 'servicers' can 'fail to comply' with 12 U.S.C. § 2605(k)(1)(E), only servicers can be 'liable to the borrower' for those failures." *Id.* Based off this statutory interpretation, only loan servicers could be liable to Norton for any alleged RESPA violations. Thus, Norton's first RESPA claim fails.

Moreover, Norton is not a "borrower" within the meaning of RESPA and he therefore lacks standing to pursue RESPA claims against Wells Fargo. Although RESPA does not define the term "borrower," federal courts often define it as someone who either signed the promissory note or who is otherwise obligated under the mortgage. *See Hobbs v. Nationstar Mortg. LLC*, No. 4:18-CV-00496-O, 2018 WL 6305594, at *2 (N.D. Tex. Dec. 3, 2018) (citing *Nelson v. Nationstar Mortg. LLC*, No. 7:16-CV-00307-BR, 2017 WL 1167230, at *3 (E.D.N.C. Mar. 28, 2017)) (collecting cases). Here, Norton neither claims to be a "borrower" nor alleges facts to suggest that he is a "borrower." Instead he asserts that he is the "trustee of the owner of" the Property. (ECF No. 14 at 3). Norton insists that his "title to the [P]roperty was through a Special Warranty Deed filed . . . in the records of real property for Tarrant County, Texas." (*Id.* at 4). Per these facts, Norton is not a "borrower" as he did not sign the note and is not an obligor under the deed of trust. Therefore, Norton lacks standing to pursue his RESPA claims against Wells Fargo.

Even if Wells Fargo could be held liable as a "servicer" and Norton was a "borrower" under RESPA, Norton still fails to allege sufficient facts that support his RESPA claims. He makes generalized and conclusory allegations that are reiterations of the RESPA statutory language,

11

which is insufficient to state a claim to relief that is plausible. Accordingly, Norton's RESPA claims should be dismissed.

F.     **Norton is Not Entitled to Declaratory or Injunctive Relief**.

To sustain a claim for declaratory or injunctive relief, a plaintiff must first plead a viable underlying cause of action. *See Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990) (A request for declaratory relief depends upon viable causes of action.). *See also McLaughlin v. Wells Fargo Bank, N.A.*, No. 4:12–CV–02658, 2013 WL 5231486, at *6 (S.D. Tex. Sept. 13, 2013) ("Plaintiff has failed to plead a viable underlying cause of action, causing the claim for injunctive relief to also fail under Rule 12(b)(6)."). Because Norton's underlying claims are not cognizable, his requests for declaratory and injunctive relief fail as a matter of law.

G.     **Norton's Claims should be Dismissed without Prejudice except that His Claim to Quiet Title, FTCA Claims, and RESPA Claims should be Dismissed with Prejudice because they are Futile**.

Dismissal without prejudice is generally appropriate if the court finds that the plaintiff has not alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). However, where "[a]n amendment would be futile [because] . . . the complaint as amended would be subject to dismissal," then it should be dismissed with prejudice. *Cal Dive Int'l, Inc. v. Schmidt*, 639 Fed. App'x 214, 219 (5th Cir. 2016). Although Norton has amended his complaint one time, he did not do so in response to a dispositive motion. However, it appears that Norton has stated his best case on his claim to quiet title in light of the Court's taking judicial notice of Wells Fargo's properly recorded assignment of the note and deed of trust. Further, his FTCA claim fails as a matter of law as there is no private right of action under the Act. Additionally, his RESPA claims fail because Wells Fargo is not a servicer, and he is not a borrower. Accordingly, these claims should be dismissed with prejudice as any additional amendment would be futile. As for Norton's FDCPA

12

and FCRA claims, the undersigned recommends that he be accorded an opportunity to amend his complaint to sufficiently state a claim for relief. Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). In that event, Plaintiffs would be held to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), as explained and clarified by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.    CONCLUSION AND RECOMMENDATION

After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Wells Fargo's Motion for Judgment on the Pleadings (ECF No. 15); **DISMISS WITH PREJUDICE** Norton's claims to quiet title and for violations of the FTCA and the RESPA; and **DISMISS WITHOUT PREJUDICE** Norton's remaining claims and give him an opportunity to file a second amended complaint within the fourteen days allotted for objections to this recommendation. If, however, Norton files a second amended complaint within the prescribed time period, the Motion should be **DENIED as MOOT** as to the claims not dismissed with prejudice, and the action should be allowed to proceed on the amended complaint.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed **August 2**, **2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE